ROBERT C. SCHUBERT (S.B.N. 62684)
(rschubert@sjk.law)
AMBER L. SCHUBERT (S.B.N. 278696)
(aschubert@sjk.law)
**SCHUBERT JONCKHEER & KOLBE LLP**
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Telephone:   (415) 788-4220
Facsimile:   (415) 788-0161

*Counsel for Plaintiff McCracken*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| SARAH MCCRACKEN individually and on behalf of all others situated;<br><br>Plaintiffs,<br><br>v.<br><br>KSF ACQUISITION CORPORATION,<br><br>Defendant. | Case No. **5:22-cv-01666**<br><br>**CLASS ACTION COMPLAINT**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Sarah McCracken ("McCracken" or "Plaintiff") brings this consumer class action against Defendant KSF Acquisition Corporation (the "Defendant," or the "Company," or "SlimFast") for the misleading and deceptive advertising of its SlimFast meal replacement products (the "SlimFast Products"). The Plaintiff's allegations are based upon personal knowledge as to her own acts and upon her investigation, the investigation of counsel, and information and belief as to all other matters. Plaintiff, on behalf of herself and all others similarly situated, alleges:

## INTRODUCTION

1. This is a class action brought on behalf of purchasers of more than forty SlimFast Products, including shakes and meal bars, that were falsely advertised as "Clinically Proven – Lose Weight And Keep It Off" (the "Clinically Proven Claim") by Defendant.

2. SlimFast is an American company headquartered in Palm Beach Gardens, Florida that manufactures, markets, and distributes meal replacement products, including protein bars, smoothies, and snacks.

3. Over the last two decades, SlimFast has advertised over forty of their meal replacement products as having been clinically proven to cause and maintain weight loss. In an effort to deceitfully "prove" this, SlimFast's website points to fifty-one studies published between 1999 and 2010 that supposedly prove that SlimFast Products cause and maintain weight loss.

4. However, SlimFast's studies only demonstrate that SlimFast Products lead to weight loss *if consumed with a low-calorie diet*. No such clinical studies have been conducted regarding the effectiveness of SlimFast Products in "losing weight" or "keeping it off" independently of a low-calorie diet.

5. In the advertising of the SlimFast Products, the Company intentionally overgeneralizes the results gathered from the studies and disingenuously leads consumers to believe that the Company's clinical trials ensuring weight loss encompass the SlimFast products.

**Class Action Complaint**
**Case No. 5:22-cv-01666**                                                      **1**

6.     This deceptive advertising was recently brought to the attention of the National Advertising Division ("NAD"). NAD is a body within the independent non-profit BBB National Programs, which monitors and oversees the truthfulness and accuracy of advertising across United States corporations.

7.     In September 2021, the NAD recommended that Defendant's Clinically Proven Claim was unsubstantiated and should be discontinued. NAD stated that even though "the low-calorie feature of the SlimFast *plan* is clinically tested," the claim is "not limited to consuming a low-calorie diet" (emphasis added). In other words, although consumers may lose weight through consuming a low-calorie diet (i.e., the Slim Fast plan), there are no clinical studies that prove that SlimFast's products result in weight loss—despite its advertising to the contrary. Accordingly, the NAD concluded that the message SlimFast conveyed through its Clinically Proven Claim was false and misleading.

8.     On January 5, 2022, the National Advertising Review Board ("NARB"), the appellate law body of BBB National Programs, which consists of five-member panels, reaffirmed the NAD's recommendation that SlimFast should "discontinue unqualified clinically proven claims for its SlimFast food products, including 'Clinically Proven: Lose Weight and Keep it Off.'" The NARB also reiterated that the Company should "modify any claim by SlimFast that its controlled, low-calorie, meal replacement SlimFast Plan is 'clinically proven' by including in the body of the claim a statement explaining the three components of the Plan: Per day, one sensible meal, two meals replaced with shakes, smoothies or bars, and three snacks between meals to satisfy hunger."[1] The NARB further determined that Defendant's SlimFast "clinically proven" product claims were unsubstantiated and recommended that they be discontinued.

---

[1] https://bbbprograms.org/media-center/dd/slimfast-clinically-proven-claims

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

9.     By deceptively misrepresenting the effectiveness of its products, SlimFast has misled consumers into purchasing SlimFast Products and believing they were going to lose weight by doing so.

10.     Plaintiff McCracken brings this claim individually and on behalf of the California Class who purchased SlimFast Products. In violation of California's strong consumer protection and false advertising law, including California's False Advertising Law (Bus. & Prof. Code §§ 17500 *et seq.*), Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*), and the Consumers Legal Remedies Act (Civ. Code §§ 1750 *et seq.*), Defendant intentionally utilized deceptive trade practices and false and misleading claims to sell SlimFast Products.

## PARTIES

11.     Plaintiff Sarah McCracken is a citizen of the State of California. She resides in Desert Hot Springs, CA. Between 2018 and 2022, McCracken purchased the SlimFast Original Meal Replacement Shake Mix product from Walmart and Stater Bros. Markets in Riverside County. McCracken made these purchases at least every two weeks and drank one to two shakes per day. McCracken purchased this product because she believed, based on SlimFast's statements, that it was clinically proven to cause and maintain weight loss. Specifically, McCracken saw and relied on SlimFast's statements on the boxes that the products were "Clinically Proven – Lose Weight And Keep It Off."

12.     McCracken, however, did not lose weight nor keep it off over the two years she was utilizing the product.

13.     McCracken purchased and paid substantially more for SlimFast Products than she would have if she had known the truth about the Products (that they are not clinically proven to lose weight or keep it off). McCracken has suffered actual damages in the form of her overpayment for SlimFast Products, which she purchased as a result of SlimFast's misrepresentations and omissions. SlimFast did not inform McCracken of the truth about its weight loss claims. Had McCracken

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

known that the SlimFast products were not clinically proven to lose weight or keep it off, she would either not have purchased the Products or would have paid substantially less for them.

14.     At present, McCracken has concerns about purchasing SlimFast Products for herself, as she does not know whether SlimFast's advertising will continue to be false and misleading. In the future, McCracken would pay a premium for SlimFast Products if they were, in fact, clinically proven to lose weight and keep it off. In addition to restitution, McCracken also seeks injunctive relief to enjoin SlimFast from continuing to mislead her and other consumers through its false advertising.

15.     Defendant KSF Acquisition Corporation is a Delaware corporation with its headquarters located at 11780 US Highway 1 Ste 400N Palm Beach Gardens, FL, 33408. Defendant was incorporated in 2014 and owns and conducts business as SlimFast.

16.     KSF Acquisition Corporation, or SlimFast, manufactures, markets, and sells over forty SlimFast meal replacement products, including protein bars, smoothies, and snacks, to consumers both directly through their website and through retail stores, such as Walgreens, Target, Amazon, Publix, and The Vitamin Shoppe.

## JURISDICTION AND VENUE

17.     This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because there are at least 100 class members, at least one class member is a citizen of a state other than that of KSF Acquisition Corporation, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

18.     Venue is proper in this District under 28 U.S.C. § 1391 because Defendant KSF Acquisition Corporation, Inc. is located in this District. KSF Acquisition Corporation has intentionally availed itself of the laws and markets of this District, and KSF Acquisition Corporation is subject to personal jurisdiction in

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

this District. Additionally, McCracken is a citizen of this District and purchased the SlimFast Products that are the subject of this litigation from retail stores located within this District.

## RELEVANT FACTUAL ALLEGATIONS

### A.   The SlimFast Market

19.    SlimFast is one of the most recognizable and popular brands in the weight loss plan and food product industry.

20.    SlimFast was initially introduced in 1977 by Sim Daniel Abraham of the Thompson Medical Company as a low-calorie, meal-replacement diet plan and quickly gained popularity throughout the 1980s. The Company's sudden success was due to the combination of advancing a product line that adhered to the time period's weight-loss beverage fad and effectively partnering with celebrities including Los Angeles Dodgers manager Tommy Lasorda and New York Mayor Ed Koch to promote their product.

21.    In an October 19, 1989 LA Times article titled 'Diet Company Ads Are Mixing Fame With Physique: Marketing: Celebrity endorsements have helped boost profits--and also fattened the wallets of some slimmed-down stars,'[2] writer Alan Citron detailed that SlimFast had cut a deal with Lasorda, who was widely known as being a pasta lover, in which Lasorda would acquire a lucrative endorsement payment if he lost weight through their weight-loss program.

22.    In 2000, global consumer goods company Unilever purchased SlimFast for $2.3 billion. Unilever's skills did not immediately transfer to the weight loss industry, however, and sales decreased from over $600 million in 2000 to $550 million in 2002. Unilever faced even more trouble when Dr. Robert Atkins' low-carbohydrate, high-protein diet—the Atkins Low Carb Diet—surged in popularity in 2003, further challenging SlimFast's leading position in the weight-loss industry.

[2] https://www.latimes.com/archives/la-xpm-1989-10-16-fi-275-story.html

Schubert Jonckheer & Kolbe LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Although the Atkins Low Carb Diet only remained popular until 2005, consumers' desire for a low-carbohydrate, high-protein diet remained.

23.     With sales rapidly declining, Unilever sold SlimFast in 2014 to food and consumer brand specialist Kainos Capital for an undisclosed amount. In 2018, Kainos Capital sold SlimFast to Irish nutrition group Glanbia for $350 million.

24.     SlimFast has four weight loss plans, all of which fall under The SlimFast Plan, including the Favorite Foods plan, SlimFast Low-Carb Plan, the SlimFast Keto plan, and the SlimFast Original plan. Consumers can either adhere to The SlimFast Plan or purchase and use SlimFast Products independently of The SlimFast Plan. Some consumers who sign up for The SlimFast Plan or have finished The SlimFast Plan also end up purchasing and using individual SlimFast Products as occasional meal replacements to maintain their weight goals.

25.     The Company offers SlimFast Products within six main product lines, including Original, Immunity, Advanced Nutrition, Advanced Energy, Low Carb, and Keto. All SlimFast Products prominently display the Clinically Proven Claim on the front of their packaging.

26.     The following is the product packaging for the SlimFast Original Shakes:



SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

*See* https://shop.slimfast.com/collections/ready-to-drink/products/slimfast-original-shakes (last viewed August 9, 2022).

27.     The following is the product packaging for the SlimFast Original Shake Mixes:



*See* https://shop.slimfast.com/collections/original/products/slimfast-original-shake-mixes (last viewed August 9, 2022).

28.     Below is the product packaging for the SlimFast Advanced Immunity Orange Cream Swirl Smoothie Mix:



SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**Class Action Complaint**
**Case No. 5:22-cv-01666**                                                          **7**

*See* https://shop.slimfast.com/collections/immunity/products/slimfast-advanced-immunity-orange-cream-swirl-smoothie-mix (last viewed August 9, 2022).

29. Below is the product packaging for the SlimFast Advanced Energy Shakes:



*See* https://shop.slimfast.com/collections/advanced-energy/products/slimfast-advanced-energy-shakes (last viewed August 9, 2022).

30. Below is the product packaging for the SlimFast Meal Bars:



SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

*See* https://shop.slimfast.com/collections/low-carb/products/slimfast-meal-bars (last viewed August 9, 2022).

31.   Below is the product packaging for the SlimFast Double Chocolate Mint Crunch Mini Snack Bar:



*See* https://shop.slimfast.com/collections/low-carb/products/slimfast-double-chocolate-mint-crunch-mini-snack-bar (last viewed August 9, 2022).

32.   Below is the product packaging for the SlimFast Keto Meal Shakes to Go:



SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**Class Action Complaint**
**Case No. 5:22-cv-01666**                                                          **9**

33.    *See* https://shop.slimfast.com/collections/keto/products/slimfast-keto-meal-shakes-to-go (last viewed August 9, 2022).

34.    Below is the product packaging for the SlimFast Keto Fat Bomb Snack Cups:



*See* https://shop.slimfast.com/collections/keto/products/keto-fat-bombs (last viewed August 9, 2022).

**B.    Brand Credibility Essential to Weight-Loss Brand Success**

35.    Brand credibility and the clinical backing of the efficacy of weight loss products is essential to those products' success. Consumers seeking a health-related or lifestyle-related change fall into a particularly vulnerable demographic of people who can easily fall victim to the manipulative advertising of weight-loss treatment supplements or diets. These consumers may try several different brands or products until they find the one they trust and can rely on to achieve their desired goals.

36.    In an oversaturated weight-loss product market, products that have undergone clinical testing and advertise proven weight-loss results have a significantly higher chance of standing out among competitor brands during the consumer product decision-making process.

37.    SlimFast knew this and utilized malicious, false, and misleading marketing tactics to prey upon vulnerable consumers seeking weight-loss aid in

Schubert Jonckheer & Kolbe LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

order to combat the Company's decreasing dominance in the weight-loss industry. Defendant exploited its intimate knowledge of these inner-workings of the weight-loss industry by utilizing the Clinical Proven Claim to advertise all SlimFast Products, even though none of the SlimFast Products, independent of a low-calorie diet, have been clinically proven to cause or maintain weight-loss.

38.     On its website, SlimFast cites fifty-one 'Clinical Studies' (the "Clinical Studies") in an attempt to support its claim. However, SlimFast's "supporting evidence" is "based on clinical studies demonstrating weight loss *through a calorie-controlled diet* comprised of one sensible meal, two meal replacements, and three snacks, regular exercise, and plenty of fluids." (Ex. 1, hereto) (emphasis added). None of these studies evaluated, let alone clinically proved, whether the SlimFast Products themselves cause or maintain weight loss. Accordingly, SlimFast misled consumers by using these studies to broadly claim that the SlimFast Products cause and maintain weight loss, even though the Products themselves, which are sold individually and in bundles, have never been clinically confirmed to cause or maintain weight loss.

39.     Because SlimFast failed to disclose that the Clinically Proven Claims are based on a low-calorie diet (not the Products themselves), its prominent display of the claim on the boxes for the Products would mislead a reasonable consumer.

**C.     SlimFast's Misleading Disclaimers on Its Website to Do Not Cure Its False Advertising on the SlimFast Products' Boxes.**

40.     On the webpage for the SlimFast Products ("Product Webpage"), adherence to the SlimFast Plan is articulated as an *option*, but by no means necessary. Defendant makes three references to The SlimFast Plan, none of which would lead a consumer to believe they must adhere to The SlimFast Plan to achieve the results advertised by the Clinically Proven Claim.

41.     First, the Company advertises The SlimFast Plan as one of the four "Ways to Enjoy" SlimFast Products. The four "Ways to Enjoy" include "The

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SlimFast Plan – Replace two meals a day to lose the weight and keep it off"; "Blend it Up – Combine with ilk and ice to blend for a creamy & thick smoothie"; "No-Fuss Breakfast – Start your day with all the delicious nutrition you need"; "Make it Your Own – Get creative with customizable smoothie recipes." Here, the SlimFast Plan is simply one of four ways consumers can enjoy each individual SlimFast product.

42.     Second, the Product Webpages also claim that the SlimFast Products help consumers "Lose Weight and Keep it Off," further reinforcing that "The SlimFast Plan combines over 40 years of weight loss success with tasty and satisfying products, to now also offer you optimal ketogenic nutrition. Follow the SlimFast Plan to help you lose weight fast and keep it off. See results in just one week!"

43.     Once again, adherence to The SlimFast Plan is simply suggestive. The Company does not make any claims that one must adhere to The SlimFast Plan in order to achieve the weight-loss results promised by its Clinically Proven Claim. Rather, the Clinically Proven Claim is prominently depicted in the SlimFast Product's picture when consumers first access the product's webpage.

44.     Lastly, at the bottom of each Product Webpage, under each SlimFast Product's title, description, nutritional and ingredients descriptions, photos, flavor and size choices, auto-delivery option, claims, and reviews, the subscription sign-up, and links to the Company's social, customer service, and other SlimFast Resources, Defendant includes the following disclaimer:

> *Based on clinical studies demonstrating weight loss through a calorie-controlled diet comprised of one sensible meal, two meal replacements, and three snacks, regular exercise, and plenty of fluids. Average weight loss is 1-2 lbs per week. This product is intended to help manage carb & sugar intake and not intended for the treatment or prevention of disease, including Diabetes Type I, Type II, or Gestational Diabetes.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

45.     However, even if a consumer was able to find and view this disclaimer, it does not make any direct connection to The SlimFast Plan nor makes it clear that the separate Clinically Proven Claim was only accurate when combining SlimFast Products with a low-calorie diet.

**D.      SlimFast's Misleading Disclaimers on the Back of Its Boxes Do Not Cure Its False Advertising on the Front**

46.     As depicted in the photos displayed on the Product Webpage, the front of the SlimFast Products' packaging prominently features the Clinically Proven Claim.

47.     During the NAD proceeding, SlimFast attempted to qualify the Clinically Proven Claim by pointing to the fine-print disclaimers on the back of the packaging. These statements were located in small print among many other descriptions, disclaimers, and policies, stating "when used as part of the SlimFast Plan."

48.     The following is an example of the Alleged Claim Certification on the back of SlimFast Products packaging:



SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

*See* https://www.amazon.com/SlimFast-Original-Replacement-Vitamins-Chocolate/dp/B000DZT0N0/ (last viewed August 10, 2022).

49.     This is not an adequate disclosure. It is buried in the fine print on the back of the SlimFast Products, and it conflicts with SlimFast's prominent and misleading advertising on the front of its boxes. Rather, upon viewing the Clinically Proven Claim prominently displayed on the front of the package, the reasonable conclusion is that the claim applies to the product on which it is placed, not some other weight-loss plan not included in the product's purchase. No reasonable customer would conclude that SlimFast Products were not clinically proven to cause and maintain weight-loss simply because the Company included a contradictory legal disclaimer on the back of the Products' packages.

50.     Moreover, Plaintiff did not see and was not aware of this disclaimer at the time she purchased the SlimFast Original Meal Replacement Shake Mix. Rather, she relied on the Clinically Proven Claim when deciding to purchase the SlimFast Original Meal Replacement Shake Mix. Indeed, she purchased the Product because she believed it would make her lose weight and keep it off.

51.     Nor does the Product's packaging state that, in order to achieve the "clinically proven" results, a consumer must follow a low-calorie diet. The legal disclaimer's reference to "the SlimFast Plan" is vague and ambiguious, and it is not explained anywhere on the Products' packaging.

52.     SlimFast's advertising would therefore mislead a reasonable consumer into believing that the Company's current SlimFast Products were clinically tested and proven to cause and maintain weight loss, even though not a single one of these individual SlimFast Products underwent such testing. Indeed, that is exactly what Plaintiff McCracken believed based on SlimFast's statements.

53.     SlimFast knew that the SlimFast Products and the SlimFast Plan are not the same thing, and its decision to conflate the two through its advertisng violated California's laws prohibiting false and misleading advertisng.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**CLASS ACTION ALLEGATIONS**

54.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and a proposed Class defined as follows:

> All persons who purchased SlimFast Products with the Clinically Proven Claim in the State of California (the "Class")

55.     Numerosity Under Rule 23(a)(1). The Class is so numerous that the individual joinder of all members is impracticable, and the disposition of the claims of all Class members in a single action will provide substantial benefits to the parties and the Court. Plaintiffs, on information and belief, allege that the Nationwide Class includes at least thousands of persons.

56.     Commonality Under Rule 23(a)(2). Common legal and factual questions exist that predominate over any questions affecting only individual members. These common questions, which do not vary among Class members and which may be determined without reference to any Class member's individual circumstances, include, but are not limited to:

a) Whether SlimFast should have known that SlimFast Products were not clinically proven to cause and maintain weight loss;

b) Whether SlimFast's representations and omissions in advertising and/or labeling are false, deceptive, and misleading;

c) Whether SlimFast had knowledge that its representations and omissions in advertising and/or labeling is false, deceptive, and misleading;

d) Whether SlimFast's representations and omissions in advertising and/or labeling are likely to deceive a reasonable consumer;

e) Whether SlimFast knew or should have known that reasonable consumers rely on the clinical backing of the efficacy of weight loss;

f) Whether SlimFast engaged in unlawful, fraudulent, or unfair business practices;

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

g)  Whether SlimFast's conduct violated the applicable state consumer protection laws alleged herein;

h)  Whether SlimFast is subject to liability for violating the California False Advertising Law ("FAL") Cal. Bus. & Prof. Code §§ 17500 *et seq.*;

i)  Whether SlimFast has violated the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*;

j)  Whether SlimFast is subject to liability for violating the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*;

k)  Whether, because of SlimFast's omissions and/or misrepresentations of material facts, Plaintiff and members of the Class have suffered an ascertainable loss of monies and/or property and/or value; and

l)  Whether Plaintiff and members of the Class and are entitled to declaratory and injunctive relief.

57.     Typicality Under Rule 23(a)(3). Plaintiff's claims are typical of the Class members' claims. SlimFast's course of conduct caused Plaintiff and the Class members the same harm, damages, and losses as a result of its unlawful conduct. Likewise, Plaintiff and other Class members must prove the same facts in order to establish the same claims.

58.     Adequacy of Representation Under Rule 23(a)(4). Plaintiff is an adequate Class representative because she is a member of the Class, and her interests do not conflict with the interests of the Class. Plaintiff has retained counsel competent and experienced in complex litigation and consumer protection class action matters such as this action, and Plaintiff and her counsel intend to prosecute this action for the Class's benefit and have the resources to do so. Plaintiff and her counsel have no interests adverse to those of the other members of the Class.

59.     Superiority. The Class can be properly maintained because the above common questions of law and fact predominate over any questions affecting individual Class Members. A class action is also superior to all other available

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

methods for the fair and efficient adjudication of this controversy because individual litigation of each Class member's claim is impracticable. Even if each Class member could afford individual litigation, the court system could not. It would be unduly burdensome if thousands of individual cases proceeded. Individual litigation also presents the potential for inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk of an inequitable allocation of recovery among those individuals with equally meritorious claims. It would increase the expense and delay to all parties and the Courts because it requires individual resolution of common legal and factual questions. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Violations Of The California False Advertising Law**
**Cal. Bus. & Prof. Code §§ 17500 *et seq.***
***On Behalf of Plaintiff McCracken and the Class***

60.  Plaintiff McCracken, individually and on behalf of the Class, incorporates by reference all the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

61.  SlimFast engaged in the advertising and marketing alleged herein with the intent to directly or indirectly influence the sale of SlimFast Products to customers, including Plaintiff.

62.  SlimFast knew or should have known that the Clinically Proven Claim was likely to deceive a reasonable consumer purchasing individual SlimFast Products.

63.  SlimFast's Clinically Proven Claim is false, misleading, and deceptive in violation of the California False Advertising Law.

64.  SlimFast's deceitful business practices constitute false advertising conduct, allowing Plaintiff McCracken and the Class to seek equitable relief under the California False Advertising Law.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**SECOND CLAIM FOR RELIEF**

**Violations Of The California Unfair Competition Law**

**Cal. Bus. & Prof. Code §§ 17200 *et seq.***

***On Behalf of Plaintiff McCracken and the Class***

65.     Plaintiff McCracken, individually and on behalf of the Class, incorporates by reference all the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein. Plaintiff McCracken brings this claim individually and on behalf of the Class against SlimFast. SlimFast's conduct as alleged in this complaint comprises unfair, unlawful, and fraudulent conduct within the meaning of the California Unfair Competition Law.

66.     The California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, is a California statute that protects consumers against unlawful, unfair, misleading, and fraudulent business and advertising practices.

67.     SlimFast's actions as alleged herein constitute an "unlawful" practice within the definition, meaning, and construction of California's UCL because SlimFast violated California's strong consumer protection and false advertising laws, including California's False Advertising Law (Bus. & Prof. Code §§ 17500 *et seq.*) and the CLRA (Civ. Code §§ 1750, *et seq.*).

68.     SlimFast's actions as alleged in this complaint constitute "unfair" conduct within the definition, meaning, and construction of California Business and Professions Code Sections 17200 *et seq.* Slimfast's business practices, as alleged herein, are "unfair" because they utilize immoral, deceptive, and fraudulent marketing practices that cause substantial injuries to customers.

69.     SlimFast's "unfair" business practices include:

a)  Intentionally utilizing clinical studies that were only conducted within the bounds of a low-calorie diet to generally advertise all SlimFast Products that do not require adherence to a low-calorie diet; and

b) Failing to clearly and openly disclose that the Clinically Proven Claim is based on a low-calorie diet.

70. SlimFast's actions as alleged herein constitute a "fraudulent" practice because, by making the false and misleading Clinically Proven Claim on the front of its Products, SlimFast's conduct was likely to deceive, and did deceive, reasonable consumers. SlimFast's failure to adequately disclose that the Clinically Proven Claim did not apply to the SlimFast Products themselves also constitutes a material omission in violation of the UCL.

71. As a result of SlimFast's unlawful, unfair, and fraudulent conduct, Plaintiff McCracken and the Class received an inferior product for that which they were promised. The product they received had, in fact, never been clinically proven to cause and maintain weight loss, which is the sole reason consumers initially purchased and continued to purchase SlimFast Products.

72. Pursuant to Business and Professions Code Section 17200 *et seq.*, SlimFast's deceitful business practices constitute "unfair" competition. Plaintiff McCracken and the Class seek equitable relief, including restitution, to remedy SlimFast's deceptive marketing and advertising.

**THIRD CLAIM FOR RELIEF**

**Violations Of The Consumer Legal Remedies Act**

**Cal. Civ. Code §§ 1750 *et seq.***

***On Behalf of Plaintiff McCracken and the Class***

73. Plaintiff McCracken, individually and on behalf of the Class, incorporates by reference all the allegations contained in the preceding paragraphs of this Class Action Complaint as fully set forth herein.

74. Plaintiff McCracken brings this claim individually and on behalf of the Class against SlimFast.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**Class Action Complaint**
**Case No. 5:22-cv-01666**                    **19**

75.     The Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.,* is a California statute enacted to protect consumers involved in a transaction against unfair and deceptive business practices.

76.     SlimFast is a "person" under Cal. Civ. Code § 1761(c).

77.     Plaintiff McCracken and the Class are "consumers" under Cal. Civ. Code § 1761(d).

78.     In violation to the CLRA, SlimFast engaged in unfair and deceptive business practices by (a) advertising the weight loss aspect of SlimFast Products in a false and misleading way and (b) representing that SlimFast Products have benefits and qualities they do not have.

79.     Slimfast intentionally provided Plaintiff McCracken and the Class with products containing weight loss misrepresentations.

80.     Plaintiff McCracken and the Class relied on Slimfast's weight loss misrepresentations in purchasing the Products.

81.     As a result of Slimfast's conduct, Plaintiff McCracken and the Class received an inferior product from that which they were promised.

82.     Plaintiff McCracken, individually and on behalf of the Class, demands judgment against SlimFast under the CLRA for injunctive relief.

83.     Pursuant to Cal. Civ. Code § 1782(a), Plaintiff McCracken will serve SlimFast with notice of its alleged violations of the CLRA by certified mail return receipt requested. If, within thirty days after the date of such notification, SlimFast fails to provide appropriate relief for its violations of the CLRA, Plaintiff McCracken reserves her right to amend this Class Action Complaint to seek monetary damages under the CLRA.

84.     Notwithstanding any other statements in this Class Action Complaint, Plaintiff McCracken does not seek monetary damages in connection with her CLRA claims, and will not do so, until the applicable thirty-day period has passed.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the Class, requests that the Court order the following relief and enter judgment against SlimFast as follows:

A.    An Order certifying the proposed Class under Fed. R. Civ. Proc. 23;

B.    An Order appointing Plaintiff to represent the Class;

C.    A declaration that SlimFast engaged in the illegal conduct alleged herein;

D.    An Order that SlimFast be permanently enjoined from its improper activities and conduct described herein;

E.    A Judgment awarding Plaintiff and the Class restitution and disgorgement of all compensation obtained by SlimFast from its wrongful conduct;

F.    Prejudgment and post-judgment interest at the maximum allowable rate;

G.    An Order awarding Plaintiff and the Class reasonable litigation expenses, costs, and attorneys' fees;

H.    An Order awarding such other injunctive and declaratory relief as is necessary to protect the interests of Plaintiff and the Class; and

I.    An Order awarding such other and further relief as the Court deems necessary, just, and proper.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury for all claims and issues so triable.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1    Dated: September 21, 2022          SCHUBERT JONCKHEER & KOLBE LLP

2                                       */s/* Amber L. Schubert_____

3

4                                       AMBER L. SCHUBERT (S.B.N. 278696)
                                        ROBERT C. SCHUBERT (S.B.N. 62684)
5                                       **SCHUBERT JONCKHEER & KOLBE
                                        LLP**
6                                       Three Embarcadero Center, Suite 1650
7                                       San Francisco, California 94111
                                        Telephone:   (415) 788-4220
8                                       Facsimile:   (415) 788-0161
                                        E-mail:       rschubert@sjk.law
9                                                     aschubert@sjk.law
10

11

12                                      *Counsel for Plaintiff McCracken*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**Class Action Complaint**
**Case No. 5:22-cv-01666**                                        **22**

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220